UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICK BOODY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:23-cr-00140-LEW-1 |
| ) | 2:25-cv-00105-LEW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Following a guilty plea, Petitioner was convicted in the Middle District of Florida of interstate transportation of child pornography; Petitioner was sentenced to 212 months in prison. (Judgment, ECF No. 1-2.) After beginning his term of supervised release, Petitioner's supervision was transferred to the District of Maine. (Transfer of Jurisdiction, ECF No. 1.) In September 2024, on the Government's motion, the Court revoked Petitioner's supervised release and sentenced him to an additional nine months in prison. (First Revocation Judgment, ECF No. 18.)

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 22.) The Government requests dismissal. (Response, ECF No. 53.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

## DISCUSSION

A prisoner typically has "one fair opportunity to seek federal habeas relief from [a] conviction" because Congress has placed "stringent limits on second or successive habeas applications." *Banister v. Davis*, 590 U.S. 504, 507 (2020). After a district court enters judgment on a first petition, 28 U.S.C. § 2244(b) prohibits subsequent petitions unless a court of appeals authorizes a district court to consider a new claim based on a prima facie showing that the claim "relies on a new and retroactive rule of constitutional law or . . . it alleges previously undiscoverable facts that would establish [the petitioner's] innocence." *Id.* at 509; *see also Rivers v. Guerrero*, 605 U.S. 443, 446, 450 (2025); 28 U.S.C. § 2255(h) (applying to § 2255 motions the same limits applicable to state prisoners seeking federal habeas relief).

In May 2016, Petitioner filed a § 2255 motion to vacate, set aside or correct his sentence, which motion the district court denied. (Docket Sheet, ECF No. 1-3.) Because the record does not establish that Petitioner received prior authorization from the First Circuit, the Court lacks jurisdiction to consider a second or successive § 2255 motion. *See Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) (the "prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward").

A later-filed petition does not qualify as "second or successive" in certain circumstances, including when: (1) the prior petition was withdrawn or dismissed for technical or procedural reasons unrelated to the merits, such as failure to pay a filing fee,

*see Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998), (2) the claims challenge an intervening criminal judgment, such as one following a plenary resentencing after a reversal on appeal, s*ee Magwood v. Patterson*, 561 U.S. 320, 339 (2010), and (3) there was no prior opportunity to assert the claims because they were not ripe, such as when the challenged conduct occurred after the resolution of the first petition. S*ee Panetti v. Quarterman*, 551 U.S. 930, 947 (2007); *Restucci v. Bender*, 599 F.3d 8, 9–10 (1st Cir. 2010).

To the extent that Petitioner's claims could be construed to contest the legality of his conviction and sentence, the claims are second or successive because persuasive authority teaches that a revocation judgment is not the equivalent of a plenary resentencing and does not qualify as an entirely new intervening judgment under *Magwood*. *See Villarreal v. United States*, No. 5:21-CV-05040-KES, 2022 WL 22289054, at *1 (D.S.D. Apr. 20, 2022) (finding no jurisdiction because subsequent petition raised "claims arising out of [Petitioner's] original 2010 prosecution" and were not "based on the several revocations of supervised release that have occurred since [Petitioner's] release from prison"). As one court explained:

> The sanctions imposed for defendant's violations of supervised release did not reset the habeas clock pursuant to § 2255 to permit defendant to challenge his original guilty pleas. . . [T]o hold otherwise would give defendants an incentive to violate supervised release in order to restart the clock on their original conviction. . . Moreover, even if the revocation of supervised release reset the habeas counter, it would only do so with respect to the terms of

3

> defendant's supervised release and would not permit defendant to challenge his underlying sentence and conviction.

*United States v. Akhter*, No. 1:15-CR-124, 2020 WL 4353560, at *5 (E.D. Va. July 29, 2020).

First Circuit Rule 22.1(e) provides that if a second or successive § 2254 or § 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Because the current motion does not appear to be based on newly discovered evidence of innocence or a new rule of constitutional law made retroactive on collateral review, the interests of justice do not support transfer to the First Circuit.[1]

To the extent that Petitioner challenges the legality of the revocation proceedings, the claims are not necessarily successive because such claims were not ripe during the adjudication of the prior § 2255 motion. *See United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("A prisoner whose conviction and sentence were tested long ago may

---

[1] In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," *Teague v. Lane*, 489 U.S. 288, 310 (1989), but "new substantive rules"—those that "alter the range of conduct or class of persons that the law punishes"— apply retroactively on collateral review. *Edwards v. Vannoy*, 593 U.S. 255, 276 (2021). Petitioner invokes *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Loper Bright* overruled *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984), which required courts to defer to an agency's reasonable interpretation of a statute, but it did not address any of the criminal statutes or regulations at issue in Petitioner's criminal case. A modified framework for interpreting statutes and regulations might permit nonfrivolous attempts to invalidate a provision underlying a federal conviction in a subsequent case, but it does not itself constitute a new substantive rule of law for purposes of retroactive relief on collateral review. *See Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against interpreting or applying retroactivity rules at a high level of generality); *United States v. Hackworth*, No. 8:19CR275, 2023 WL 6587977, at *2 (D. Neb. Oct. 10, 2023) (contrasting decisions which themselves establish a new retroactively applicable right with a decision that "merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by [Petitioner]") (quotation marks omitted).

4

still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding"); *D'amario III v. United States*, No. 5-340, 2010 WL 3780977, at *1 (D.R.I. Sept. 20, 2010) ("the First Circuit Court of Appeals concluded . . . that the District Court was mistaken in the transfers because the motions were not second or successive § 2255 motions as they challenged [Petitioner's] . . . revocations of supervised release, not his underlying convictions").

While the Court has jurisdiction to consider Petitioner's claim of revocation error, the claim is procedurally barred because Petitioner did not appeal from the revocation judgment, and he does not raise any circumstances that would excuse the procedural default. *See Berthoff v. United States*, 308 F.3d 124, 127–28 (1st Cir. 2002) ("[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence"). Even if the Petitioner's discernible arguments were not barred, they also lack merit. For example, Petitioner argues that it was unconstitutional to imprison him upon the revocation without a new criminal proceeding, but (except in circumstances that are not present here, such as a new mandatory minimum or a longer term than the ceiling authorized by the verdict) the Supreme Court has rejected the argument. *See Johnson v. United States*, 529 U.S. 694, 700–01 (2000) ("attribut[ing] postrevocation penalties to the original conviction" and noting that the Government has "wisely" disavowed the conclusion that revocation imposes punishment for new criminal offenses); *United States v. Haymond*, 588 U.S. 634, 648–49, 52 n.7 (2019) (plurality

5

opinion) (noting that "[t]he defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime," and discussing the potential limits to that principle).[2]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of January, 2026.

---

[2] After Petitioner filed the § 2255 motion, another revocation proceeding was initiated. The Court subsequently imposed an additional term of nine months in prison for the supervised release violations. (Second Revocation Judgment, ECF No. 71.) This § 2255 motion could not have been intended to attack the second revocation proceedings, but even if the claim is now ripe and directed to those proceedings, postconviction relief is not available for the same reasons.